McBRIDE, Judge.
This appeal presents a case which can be said to be somewhat unusual. The operator of a motorcycle is sued for damages to an automobile which was run into by the motorcycle. The accident happened on the evening of October 13, 1950, at the intersection of Hickory and Leonidas Streets. Haywood Atkins was driving his 1947 Studebaker automobile up Hickory in the direction of Jefferson Parish; the motorcycle was being operated by Alvin William Hooge on Leonidas Street, and was traveling towards the river. The automobile was damaged to the extent of $159.76; Atkins subrogated a part of his claim to the Emmco Insurance Company, and both he and the insurance company appear as plaintiffs. Hooge is charged with traveling at a rapid rate of speed, and in not having his motorcycle under control.
This appeal was taken by the defendant from a judgment in favor of plaintiffs in the amount prayed for.
There being only a question of fact involved in the case, a decision depends on the veracity to be accorded each set of witnesses.
Besides Atkins, there "were two passengers in his car. On the motorcycle with Hooge riding on the “buddy seat,” was his girl friend. The gist of the testimony of the three plaintiff witnesses is that on reaching the intersection Atkins stopped and permitted a bus and two automobiles moving on Leonidas Street to negotiate the intersection before he started forward. Atkins had his car in first gear, and had almost cleared the crossing, when the rear of its right side was run into by the motorcycle.
On the other hand, defendant and his witness testified that just when Hooge was ten feet before reaching Hickory Street, the automobile “shot out” in front of the motorcycle and he “jammed on” his brakes, but the distance was too short and he could not avoid the accident.
As to the proximity of the motorcycle, Atkins and his passengers say they saw the motorcycle light about one block away, but that before the crossing could be completed, the motorcycle, at a rapid rate of speed, bore down upon the automobile and struck it.
*427 Our brother below was of the belief that the testimony of the plaintiff Atkins and his witnesses should prevail, and resolved the doubt arising from the conflicting testimony in favor of the plaintiffs, giving judgment accordingly, and we are unable to hold that in doing so the judge committed error. This is one of those cases which comes squarely within the oft reiterated doctrine that a judgment of the inferior court, based on findings of facts only, will not be disturbed unless there is manifest error.
Finding none, it is ordered that the judgment appealed from be affirmed.
Affirmed.